944 F.2d 900
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BAKER HOSPITAL, Plaintiff-Appellant,
v.
AETNA LIFE INSURANCE AND CASUALTY COMPANY, Global
Associates, Incorporated, Defendants-Appellees,
and
Samuel Warren, Defendant.
 No. 91-2004.
 United States Court of Appeals, Fourth Circuit.
 Argued July 29, 1991.
Decided Sept. 13, 1991.
As Amended Oct. 25, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CA-88-2670-2-18)
 Argued: Lawrence A. Laddage, The Laddage Law Firm, P.A., Charleston, S.C., for appellant; William C. Helms, III, Barnwell, Whaley, Patterson & Helms, Charleston, S.C., for appellee Global Associates; W. Jefferson Leath, Jr., Young, Clement, Rivers & Tisdale, Charleston, S.C., for appellee Aetna Life and Casualty Company.
 On Brief: Stephen P. Groves, Young, Clement, Rivers & Tisdale, Charleston, S.C., for appellee Aetna Life and Casualty Company.
 D.S.C.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Baker Hospital appeals from the district court's summary judgment dismissal of its action to recover unpaid medical bills from defendants Global Associates, Inc. (Global), and AEtna Life & Casualty Insurance Company (AEtna). Relying on oral representations made by an employee of appellee Global, appellant seeks to recover benefits above the lifetime coverage limit of a plan governed by the Employee Retirement Income Security Program Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq. The district court dismissed the action on the ground that ERISA forbade the amendment of an ERISA plan by oral agreement contrary to the express terms of the plan. We affirm.
 
 
 2
 * Sally Reese Warren entered Baker Hospital in April 1987. She presented her insurance card as a beneficiary under the ERISA Plan provided her through Global, her husband's employer. On the front of the card was Global's address with a telephone number to call to verify coverage. On the back of the card, the AEtna logo appeared with a statement that the group health benefits program was administered through AEtna and that the card did not guarantee coverage. To confirm eligibility or obtain specific benefit information, hospitals were directed to contact the office shown and to give them the identifying information on the front of the card. Those calling Global were directed to Connie Michelson. Ms. Michelson, however, in her affidavit said that her only function in connection with the pertinent ERISA plan, when contacted by a cardholder, was to confirm that the cardholder was an active employee covered under the plan and that the effective date of coverage was accurate. For other questions such as limitations on treatment and financial coverage, she asserted that she would advise callers to contact AEtna. Beyond that, she did process some paperwork for Global employees and submit claims for them to AEtna.
 
 
 3
 On April 2 and 3, 1987, two different employees of the Hospital telephoned Global to verify coverage. The first spoke to Ms. Michelson. The Hospital completed a verification form which stated that there were no limits on days of treatment or dollar amount of coverage. The second verification was obtained from a secretary at Global and listed the same information.
 
 
 4
 Mrs. Warren remained in Baker Hospital until her death in December 1987. Her bill totalled $299,957.38. When the hospital submitted the bill, AEtna paid $201,965.97 as the remainder available under Warren's policy, which carried a $250,000 lifetime coverage limit. Baker sued Global, AEtna, and Samuel Warren to recover the amount remaining on the bill.[1] In its complaint and two amended complaints, Baker relied on theories of breach of contract, of promissory estoppel, and breach of fiduciary duty. Samuel Warren did not answer and was placed in default. The district court held that recovery was unavailable on each of these theories.
 
 II
 
 5
 ERISA preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a); Powell v. Chesapeake & Potomac Telephone Co., 780 F.2d 419, 421 (4th Cir.1985), cert. denied, 476 U.S. 1170 (1986). Included within this statutory preemption are claims such as appellant's promissory estoppel and breach of contract claims, seeking to modify a plan's terms on dollar limitations of benefits and on days of treatment compensable under the plan by oral representations. See Pizlo v. Bethlehem Steel Corp., 884 F.2d 116, 120 (4th Cir.1989); 29 U.S.C. § 1102(b)(3). The suit of the appellant represents an attempt to circumvent the plan limitations on days of treatment and on dollar benefits by the provider under the prescribed ERISA plan. Appellant concedes this bar to recovery but it urges that Global and AEtna are fiduciaries who have breached their duties in orally misrepresenting the recovery limits of the policy creating liability against them as fiduciaries.
 
 III
 
 6
 A fiduciary is defined in ERISA and in its regulations as a person who "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... [or] ... has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A) (Supp.1991). Those who have no power to make any decisions as to plan policy, interpretations, practices or procedures but perform administrative functions such as advising participants of their rights and options under the plan (which was the scope of Ms. Michelson's authority) are not fiduciaries, 29 C.F.R. § 2509.75-8, and cannot be held liable as fiduciaries under ERISA. This eliminates any claim of liability against the defendant Global as a fiduciary.
 
 
 7
 AEtna on the other hand is clearly a fiduciary but did nothing improper in this area; it made no false representation or misled the beneficiary in any way. Appellant, however, contends that the insurance card issued by AEtna with a number by which to call Global, cloaked Global with apparent, if not actual, discretionary authority as an agent of AEtna. Appellant contends that the insurance card was a delegation of discretionary authority to Global or Ms. Michelson to amend the plan. The insurance card, though, clearly stated that AEtna was the group health insurer. It follows that any discretionary authority to disburse benefits rested with AEtna. To the extent that any delegation to Global employees did occur, those duties were nonfiduciary, administrative duties. See 29 C.F.R. § 2509.75-8.
 
 
 8
 Finally, assuming arguendo that fiduciary duties were owed by both appellees, and those duties were breached, the remedies set out in ERISA for breach of fiduciary duty are generally equitable as regards the beneficiary and are not designed to provide for this type of extracontractual relief. See 29 U.S.C. § 1132(a)(3); Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134 (1985); Powell, 780 F.2d at 424.
 
 
 9
 Accordingly, the district court properly granted the defendants' motion for summary judgment, and we affirm the dismissal.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Baker initially filed this action in state court. Defendants petitioned to remove the case as one arising under ERISA